IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSE GARCIA, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 12-CV-019-JED-PJC** |
| | ) | |
| RAY H. LAHOOD and | ) | |
| MICHAEL P. HUERTA, | ) | |
| | ) | |
| **Defendants.** | ) | |

REPORT AND RECOMMENDATION
TO U.S. DISTRICT JUDGE JOHN E. DOWDELL

This matter is before the Court on the Motion to Dismiss of Defendants Ray H. LaHood ("LaHood" and Michael P. Huerta ("Huerta"). [Dkt. No. 9]. The motion was referred to the undersigned United States Magistrate Judge on November 6, 2012. [Dkt. No. 20]. The undersigned converted the motion to a Motion for Summary Judgment in order to consider the various attachments that had been submitted to the Court and to afford the parties an opportunity to supplement with additional evidence. [Dkt. No. 26].

Based on the record before the Court, the Court recommends that this matter be **DISMISSED** for untimely exhaustion of administrative remedies.

BACKGROUND

This action arises from Plaintiff Garcia's 2007-08 employment as an engineering technician with the Federal Aviation Administration ("FAA" or

1

"Agency") in Oklahoma City.  As a federal employee, Garcia must pursue informal and formal resolution of any discrimination complaint pursuant to a federal regulatory scheme that includes pre-complaint processing and time limits for filing complaints, agency investigation, hearings and final agency action.  29 C.F.R. § 1614.105 *et seq.*

In January 2009, after consultation with an Equal Employment Opportunity ("EEO") Counselor[1], Garcia filed a Complaint (the 2009 Complaint") alleging mistreatment by his lead supervisor; however, Garcia's Complaint failed to allege that any of his mistreatment was due to discrimination.  Therefore, the Agency dismissed his Complaint for failure to state a claim of discrimination.  Garcia's appeal of the Agency's decision was dismissed as untimely because Garcia filed his appeal beyond the 30-day time limit set forth in 29 C.F.R. § 1614.403(d).  Garcia took no further action either by seeking reconsideration, *see* 29 C.F.R. § 1614.405(b), or by filing a federal lawsuit, *see* 29 C.F.R. § 1614.407.  Therefore, the decision as to the 2009 Complaint became final.

On Jan. 11, 2011, Garcia filed a second complaint concerning his employment with the FAA (the 2011 Complaint).  Garcia had consulted an EEO Counselor in September 2010.  The 2011 Complaint concerned several matters that were previously raised in the 2009 Complaint, as well as new claims

---

[1]    A person who believes he/she has been discriminated against must consult an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory or in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).

concerning his treatment during his employment, denial of overtime pay upon termination in November 2008, and a demand in February 2009 for repayment of overtime compensation he had received.  Because Garcia's consultation with an EEO Counselor occurred more than 45 days after the last act of alleged discrimination, the 2011 Complaint was dismissed for untimely consultation, and Garcia appealed.  On October 12, 2011, the Equal Employment Opportunity Commission ("EEOC"), affirmed the Agency decision.  Garcia filed this federal court action on January 17, 2012.  Attached to Garcia's federal court Complaint was a copy of the EEOC's October 12, 2011 Decision.

After Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies, the Court converted the motion to a Motion for Summary Judgment and gave the parties an opportunity to supplement with any additional evidence.  [Dkt. No. 26].  Briefing is now complete.

On January 28, 2013, the Court conducted a hearing on the motion. Defendants appeared through Assistant U.S. Attorney Cathryn McClanahan, and Senior Attorney Lin Modestino of the Federal Aviation Administration.  Plaintiff Jesse Garcia, Jr., ("Garcia") did not appear.

The hearing, set for 10:30 a.m., was delayed until nearly 11 a.m. to afford Garcia time to appear.  The Court endeavored to call Garcia and, when unable to reach him, left a message concerning the hearing.  The hearing went forward

until about 11:45 a.m.  Thereafter, Garcia returned the Court's telephone call and stated that he had not known about the hearing.[2]

## *Applicable Legal Principles*

Federal employees are required to attempt resolution of discrimination complaints through administrative procedures before filing a formal Complaint. The twofold purpose of this exhaustion requirement is to provide notice of an alleged violation to the charged party and to give an administrative agency an opportunity "to conciliate the claim in furtherance of Title VII's goal of securing voluntary compliance."  *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994)).

The first step in the administrative process is a required consultation with an EEO Counselor:

> Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information <u>must consult a Counselor</u> prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be

---

[2]     Garcia attended an earlier hearing on Nov. 20, 2012, when the undersigned converted the Motion to Dismiss to a Motion for Summary Judgment. [Dkt. Nos. 25 & 26].  Notice of the Jan. 28, 2013 hearing was mailed to Garcia at his address in Jenks, Oklahoma. [Dkt. No. 32].  The mailed notice was not returned to the Court undelivered.  Furthermore, attorney McClanahan stated at the Jan. 28 hearing that she had noted in a letter to Garcia that a hearing on been set for Jan. 28 and that she looked forward to seeing him there. Based on this record, the Court has no reason to believe that Garcia did not receive notice of the Jan. 28 hearing.

> discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 CFR § 1614.105(a) (emphasis added).

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1325 (10th Cir. 2002); *Woodman*, 132 F.3d at 1341. However, the Tenth Circuit has distinguished between "failure to *timely* file an administrative charge, which is not jurisdictional, and failure to file an administrative charge at all, which is a jurisdictional bar." *Sizova*, 282 F.3d at 1325 (*citing Jones v. Runyon*, 91 F.3d 1398, 1400 n.1 (10th Cir. 1996)). Courts within the Tenth Circuit have held that failure to consult an EEOC counselor in a timely manner "does not deprive the court of subject matter jurisdiction, but it does subject plaintiff's claims to dismissal." *Dimsdale v. Cino*, 2006 WL 1997174 *2 (W.D. Okla. July 13, 2006); *see also, Beene v. Delaney*, 70 Fed. Appx. 486, 490 (10th Cir. 2003) ("compliance with the forty-five day time limit in [29 C.F.R.] §1614.105(a)(1) is not a jurisdictional requirement for filing suit under Title VII.").

Where the basis for a dispositive motion is Plaintiff's failure to comply with the 45-day consultation requirement set forth in § 1614.105(a)(1), a court should analyze the motion to dismiss under Fed. R. Civ. P. 12(b)(6), instead of Rule 12(b)(1). *Beene*, 70 Fed. Appx. at 490. Where "evidentiary materials outside of the plaintiff's complaint are presented to the Court, the motion to dismiss

should be treated as a Motion for Summary Judgment under Rule 56." *Id.* If the Motion for Summary Judgment is granted for failure to comply with the 45-day consultation requirement, the proper course is to dismiss the action for failure to timely exhaust administrative remedies. *Dimsdale*, 2006 WL 1997174, at *3; *Beene*, 70 Fed. Appx. at 490-91.

### Factual Findings

At all times relevant hereto, Garcia was a civilian employee of the Federal Aviation Administration and subject to the federal regulatory scheme for administrative process of discrimination claims. In April and May 2008, Plaintiff experienced difficulties with his lead supervisor. The supervisor had allegedly spit tobacco juice on Plaintiff and allegedly criticized Plaintiff's work performance to his face and behind his back. Plaintiff also alleges that he was forced to work when he was injured and was not allowed to see his doctor in order to refill prescription medication. On October 23, 2008, Plaintiff was ill but was unable to call the office because of "cell phone issues." On November 4, 2008, he was terminated. Plaintiff says that he was denied 15 hours of overtime he was entitled to and that in February 2009, he was told he would have to repay 20 hours of overtime compensation he had received.

A. The 2009 Complaint[3]

On January 4, 2009, Garcia filed the 2009 Complaint.  This Complaint stated that Plaintiff's supervisor had spit on him, complained about his work and allegedly told co-workers he hated Garcia and hoped he got fired.  Garcia also complained that in June 2008 he got a new manager who asked him to do "random tasks."  Garcia thought these requests might be caused by something his former supervisor said about him.  Subsequently, on Oct. 23, 2008, Garcia became ill but his request for sick leave was never received by his employer and he was terminated the following week.  [Dkt. No. 16].  Garcia sought reinstatement and asked that those guilty of harassment/discrimination be reprimanded.

On the first page of the Complaint form, Box 6 asks the complainant to indicate the basis for his discrimination allegation.  A complainant can check the appropriate line for race, color, sex, etc.  Garcia made no indication of discrimination in Box 6.  Accordingly, on February 11, 2009, the Department of Transportation's Departmental Office of Civil Rights dismissed Garcia's Complaint for failure to allege discrimination.  [Dkt. No. 16, p. 22] ("[Y]ou have failed to state a claim of discrimination based on any of the protected classes covered by the relevant EEO statutes.")

---

[3]     The Complaint is erroneously dated January *2008*. However, at the hearing held November 20, 2012, the parties stipulated that the correct date was 2009.

7

Garcia was notified in this decision that he had two options:  1) Within 30 days, he could appeal to the Office of Federal Operations, EEOC, or 2) within 90 days, he could file a lawsuit in federal court.  [Dkt. No. 16, p. 23].  Garcia waited well beyond the 30-day limit before filing an appeal; consequently, on September 21, 2009, the EEOC informed him that his appeal was being dismissed as untimely.  Again, Garcia was told he had two options:  1) to seek reconsideration or 2) file a lawsuit.  Garcia exercised neither of these options; thus, the 2009 Complaint concluded without further action.

## B.  The 2011 Complaint

A year later, Garcia sought to revive the 2009 Complaint by incorporating its allegations into a new administrative Complaint.  On September 3, 2010, Garcia consulted an EEO counselor as required by 29 CFR § 1614.105(a)(1).[4]  On January 11, 2011, Garcia filed the 2011 Complaint alleging that the FAA has discriminated against him on the basis of race (Asian), national origin (Hispanic), disability (attention deficit disorder) and retaliation.  This complaint was dismissed by the FAA on March 15, 2011, because Garcia had failed to consult an EEO Counselor within the 45-day time period required by the regulations.

---

[4]      The record evidence of this consultation consists of the EEOC's Decision affirming the dismissal of the 2011 Complaint, stating that Garica's "initial contact with an EEO counselor on these matters occurred on September 3, 2010 . . . ."  [Dkt. No. 1, p. 4] .  Additional documents submitted to the Court by Garcia corroborate that his consultation occurred in September 2010.  *See* Dkt. No. 16, p. 6, and Exhibit 7 thereto indicating Garcia's consultation with EEO occurred in September 2010.  Finally, Garcia has submitted no evidence that his required consultation occurred within the required 45 days.

Garcia timely appealed this ruling to the EEOC.  On October 12, 2011, the EEOC upheld the FAA's dismissal of Garcia's complaint, pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact.  [Dkt. No. 1, p. 3].  The EEOC also noted that several of Garcia's claims had already been asserted in the 2009 Complaint, which had been dismissed.  Regarding the 2011 Complaint, the EEOC found that the Agency "correctly dismissed the claims leading up to and including Complainant's termination as stating the same claims that have already been adjudicated in an earlier complaint."  [Decision of Oct. 12, 2011, p. 4, attached to Dkt. No. 1].]

On January 17, 2012, Garcia filed this lawsuit.

*Conclusions of Law*

On Jan. 11, 2011, Garcia filed the 2011 Complaint, alleging discrimination with regard to his employment with the FAA.  The Branch Chief of the Agency's Departmental Office of Civil Rights informed Garcia on March 15, 2011, that his Complaint had been dismissed for failure to contact an EEO Counselor until September 3, 2010, "which is beyond the 45-day time frame requirement."  [Dkt. No. 16, p. 50].  Garcia appealed this Final Agency Decision to the EEOC, which affirmed the Agency's decision on September 21, 2009.  [Exhibit 4 to Dkt. No. 16].

The record establishes that Garcia did not comply with the 45-day requirement of 29 CFR § 1614.105(a)(1) in filing the 2011 Complaint.  Since the

last act of alleged discrimination occurred in February 2009, Garcia was required to contact an EEO counselor by mid-April 2009 at the latest.  Garcia consulted a counselor on September 3, 2010 – 18 months past the deadline. Plaintiff has provided no evidence to indicate he consulted with a counselor on an earlier date or to provide a basis for tolling of the 45-day period.

Compliance with the 45-day requirement in § 1614.105(a)(1) is not a jurisdictional requirement for filing suit under Title VII.  *Beene*, 70 Fed. Appx. at 490 (*citing Sizova*, 282 F.3d at 1324-26).  Thus, while the failure to comply with the 45-day requirement does not deprive a court of subject matter jurisdiction, it does subject plaintiff's claims to dismissal.  *Dimsdale*, 2006 WL 1997174, at *2.

The undisputed evidence is that the 45-day period in § 1614.105(a)(1) began to run in February 2009, when Garcia alleges the last act of discrimination occurred – the Agency's demand that he repay 30 hours of overtime pay.  Since Garcia does not dispute that he did not consult with an EEO Counselor until September 2010, and the records he has submitted to the Court establish that this consultation occurred in September 2010, he clearly did not comply with the 45-day time limit.  Accordingly, consistent with the Court's holding in *Beene*, the undersigned concludes that Defendants are entitled to summary judgment under Rule 56.  As *Beene* and *Dimsdale* indicate, the proper remedy is to dismiss this action for failure to timely exhaust administrative remedies.

THEREFORE, The Court **RECOMMENDS** that the Motion for Summary Judgment be **GRANTED** and that this action be **DISMISSED** for failure to timely exhaust administrative remedies.

## OBJECTIONS

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by FEBRUARY 13, 2013. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001); *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

**DATED** this 30th day of January 2013.

Paul J. Cleary
United States Magistrate Judge