### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE GARCIA, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-CV-019-JED-PJC |
| ) | |
| RAY H. LAHOOD, MICHAEL P. HUERTA, ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

**I.     Filings at Issue**

The following filings are before the Court for determination.

<u>Report and Recommendation on Motion for Summary Judgment</u>:  Defendants moved for summary judgment (Doc. 9).  A number of filings relate to that motion: plaintiff's Response (Doc. 16); defendants' Reply (Doc. 18); plaintiff's additional Response (Doc. 27); defendants' additional Reply (Doc. 28); the Report and Recommendation ("R&R") of Judge Paul J. Cleary regarding the Motion for Summary Judgment (Doc. 35); plaintiff's Objections to the R&R (Doc. 41); and defendants' Response to the Objections (Doc. 42).[1]

<u>Motion to Amend Complaint</u>: After the entry of the R&R and plaintiff's filing of Objections thereto, plaintiff filed a Motion for Leave to File Amended Complaint and Add Defendant (Doc. 44).  Without awaiting any ruling by the Court, and without leave of the Court, plaintiff filed an Amended Complaint (Doc. 43) purporting to add as a defendant Jacqueline A.

---

[1]     Judge Cleary converted the defendants' motion - which was styled as a motion to dismiss for failure to timely exhaust administrative remedies - to a motion for summary judgment because plaintiff responded to the dismissal motion with numerous exhibits which would require consideration of materials outside of the pleadings. (*See* Doc. 26).  This prompted the Court to afford the parties with the opportunity to supplement their submissions for purposes of the summary judgment record.  (*Id.*).  Accordingly, a number of the parties' filings were docketed and construed differently than their titles suggest.

Berrien, Chair of the Equal Employment Opportunity Commission. The day after filing the Amended Complaint with attachments, plaintiff filed an additional 144 pages of exhibits (Doc. 46). Defendants filed a Response (Doc. 48) to the request to amend and moved to strike (Doc. 49) the Amended Complaint. Plaintiff never responded to the motion to strike.

The Court has reviewed all of the relevant filings, including the parties' evidentiary submissions and plaintiff's Objections to the R&R, and has considered the applicable law. After careful consideration and de novo review, the Court agrees with Judge Cleary that plaintiff's claims should be dismissed and that summary judgment is appropriate. Further, the plaintiff's proposed amendment is inexplicably late, as it was filed only after the proceedings on the summary judgment motion and the entry of the R&R, and the proposed amendment would be futile in that it would not cure the fundamental problem of plaintiff's failure to timely exhaust his administrative remedies as required by law.

## II.     The Report and Recommendation on the Summary Judgment Motion

### A.     Applicable Standard of Review

A district court may refer a dispositive matter to a magistrate judge for report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). A party wishing to object to the magistrate's report and recommendation shall file objections within 14 days. *See* Fed. R. Civ. P. 72(b). The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to . . . [and] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual

testimony or other evidence in the record and not merely review the magistrate's report and recommendations." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

  *B. General Background*

  Plaintiff was employed as an engineering technician with the Federal Aviation Administration ("FAA"). Plaintiff asserts that he was employed from August 2007 until he was terminated on November 4, 2008, for failing to properly report that he left a field work site for the day. (Doc. 16). He further contends that he attempted to call in as ill, but "due to a problem apparently with his cell phone, the call/text was never completed and the report was not received." (*Id.* at 2). After his termination, plaintiff ultimately filed two administrative Equal Employment Opportunity ("EEO") complaints, one in 2009 the other in 2011, both of which were dismissed.

  Plaintiff's Complaint in this Court alleges that plaintiff "[f]aced discrimination and harassment at the work sites, was spit on by team lead[,] [p]revented from seeing doctor on several occasions, injured on work place and made to work dispite [sic] accident report filing, lost wages." (Doc. 1). The Complaint references a cause of action under the Americans with Disabilities Act for "prevention of seeing doctor for refill of medication," and plaintiff asserts that he had overtime hours taken from his last paycheck and was asked to repay overtime in 2009, after he was terminated. (*Id.*). As the basis for his claims of "discrimination and harassment," plaintiff asserts that his supervisor spit tobacco on plaintiff and spread rumors tarnishing plaintiff's reputation. (*Id.* at 2).

  Defendants moved to dismiss for failure to timely exhaust administrative remedies, and plaintiff responded with numerous materials outside of the pleadings. As noted, this resulted in Judge Cleary's conversion of the dismissal motion to a summary judgment motion and permitted

3

supplementation of the record and arguments. (Doc. 26). Judge Cleary conducted two hearings on the motion, thoroughly considered the evidence, and entered his R&R, recommending that the defendants' summary judgment motion be granted and that plaintiff's claims be dismissed for failure to timely comply with applicable administrative requirements. (Doc. 35). Plaintiff filed Objections asserting that his failure to comply with the administrative requirements was the result of being misinformed by EEO personnel about how to proceed on a complaint. (Doc. 41).

### C. *Administrative Requirements for Federal Employees Alleging Discrimination*

Pursuant to federal regulations, federal employees like plaintiff must pursue informal resolution of any discrimination complaint before filing a formal complaint. 29 C.F.R. § 1614.105 *et seq.* The first step in that administrative process requires a consultation with an EEO counselor at the agency that employed the plaintiff (here, the FAA) "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.*, § 1614.105(a)(1). The requirement applies whether the employee's claim is premised on alleged race, color, religion, sex, national origin, age, or disability discrimination. *Id.*

Following unsatisfactory conclusion of the informal consultation with a counselor, an aggrieved federal employee may file an administrative complaint with the allegedly discriminating agency within 15 days of receipt of notice that the counseling process has ended without resolution. *See id.*, §§ 1614.105(d), 1614.106. There are a number of grounds upon which a federal agency, such as the FAA, may dismiss a complaint, including the following: the complaint fails to state a claim of discrimination; the complaint asserts a claim that has already been decided; or the complaint fails to comply with the 45-day time limit contained in § 1614.105. *See id.*, § 1614.107(a).

If an administrative complaint is dismissed by the federal agency, the complainant may file an administrative appeal (to the Office of Federal Operations at the EEOC in Washington, D.C.), which must be filed within 30 days of receipt of the agency decision dismissing the complaint. *Id.*, §§ 1614.402, 1614.403(a). In addition to or in the alternative to an administrative appeal, a complainant may file a civil action in federal district court, and such action must be filed within 90 days of receipt of the agency's dismissal of the complaint (if the complainant does not take an administrative appeal) or within 90 days of receipt of the Office of Federal Operations' final decision on an appeal. *Id.*, § 1614.407(a), (c).

*D.     Plaintiff's EEO Complaints*

Plaintiff filed two administrative EEO complaints based upon alleged conduct between April 2008 and February 2009:

1.     The 2009 Complaint

Plaintiff initiated the EEO process on the day of his termination, by an online filing on November 4, 2008. (*See* Doc. 16 at 13). He was promptly contacted by an EEO counselor with the FAA and, following a failure of plaintiff and the counselor to informally resolve plaintiff's issues regarding his federal employment, plaintiff filed his formal administrative complaint in January, 2009. (Doc. 16 at 9). In that complaint, plaintiff alleged that, in May 2008, his team lead accidentally spit dip on plaintiff a number of times, and plaintiff asked the team lead to "watch where he spits." After plaintiff confronted the team lead, the lead allegedly complained about plaintiff to others and allegedly informed others that he hoped plaintiff would be fired. Plaintiff also asserted that he had become ill on October 23, 2008, and "due to cell phone issues my request for sick leave was never received, and I was terminated." (*Id.* at 10-11). Plaintiff did not identify the reason (race, color, religion, national origin, sex, age, etc.) upon which he

5

believed he was discriminated (*see id.* at 9), and as far as motive for his termination, plaintiff merely asserted that his firing for missing work without reporting "seems like a cover-up" (*id.* at 11). His complaint referenced "harassment / discrimination," without any additional detail regarding the basis for such assertion. (*Id.* at 9-12).

On February 11, 2009, the Department of Transportation's Office of Civil Rights dismissed the 2009 complaint for "fail[ure] to state a claim of discrimination based on any of the protected classes covered by the relevant EEO statutes." (*Id.* at 22). The record evidence establishes that plaintiff received the agency's final decision to dismiss the 2009 complaint by February 19, 2009, a fact which plaintiff does not dispute. (*See id.* at 30). That decision very clearly and specifically informed plaintiff of his appeal options and deadlines:

> If you are dissatisfied with this final agency decision, you have the following appeal rights:
>
> - Within 30 calendar days of your receipt of this final decision, you have the right to appeal this decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. (EEOC Form 573, Notice of Appeal/Petition, enclosed for this purpose.)
>
> - Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court.

(Doc. 16 at 23).

Because plaintiff received the final agency decision on February 19, 2009, he had to file his appeal to the EEOC Office of Federal Operations on or before Monday, March 23, 2009. He did not send a notice of appeal until May 9, 2009, 79 days after receipt of the final agency decision and well beyond the 30-day deadline of which he was advised. As a result, on September 21, 2009, the EEOC dismissed the appeal as untimely pursuant to 29 C.F.R. § 1614.403(c). At that time, plaintiff was advised that he could seek reconsideration or file a civil

6

action in federal district court.  He did neither, and the 2009 administrative complaint process concluded without further action.

### 2. The 2011 Complaint

Plaintiff filed a second administrative complaint on January 11, 2011.  (*See* Doc. 16 at 50).  The 2011 complaint was based partly on the same facts asserted in the 2009 complaint, but added allegations that plaintiff was discriminated based upon race, national origin, and mental disability.  According to plaintiff, the alleged discrimination was evidenced by being forced to work in April and May 2008 despite having suffered an injury, being spit on by his team lead in May 2008, being terminated on November 4, 2008, and the FAA refusing to pay plaintiff on his last paycheck for overtime he had allegedly earned.  Plaintiff also asserted that, in or around February 2009, the FAA notified him that he was expected to repay 30 hours of overtime pay.  (*Id.*).  The 2011 complaint was dismissed because plaintiff did not initiate contact with an FAA EEO counselor within 45 days of the date of the alleged discriminatory actions.  For the new acts alleged in the 2011 complaint, plaintiff did not contact an EEO counselor until September 3, 2010, well beyond 45 days after the last allegedly discriminatory action asserted in the 2011 complaint (in February 2009).  (*Id.*).  To the extent that the 2011 complaint included allegations that were previously raised in the 2009 complaint, those were dismissed because they had already been dismissed by the prior agency determination.  (*Id.* at 51).  *See* § 1614.107(a) (requiring that the agency dismiss claims that have been decided by the agency or the Office of Federal Operations).  Following an administrative appeal from that dismissal, the Office of Federal Operations affirmed dismissal in October 2011.  Plaintiff then initiated this civil action on January 17, 2012, over three years after his employment at the FAA was terminated.

7

*E.     Plaintiff's Failure to Timely Exhaust Administrative Remedies*

It is undisputed that all of the allegedly discriminatory conduct occurred between April 2008 and November, 2008, with a single additional incident alleged to have occurred in February 2009.[2]  With respect to the conduct asserted through November 2008, plaintiff was required to visit with an EEO counselor at the FAA within 45 days. 29 C.F.R. § 1614.105(a)(1).  Plaintiff did have contact with an EEO counselor at the FAA in November and December, 2008 and he did file his 2009 complaint but, as noted, that complaint failed to identify any claim to protected status and thus failed to state a claim for discrimination and was dismissed.  That dismissal was final, and plaintiff is precluded from maintaining an action based upon the conduct alleged in that 2009 complaint, because he did not timely file any action in the federal district court on the final agency decision on that complaint.  *See* 29 C.F.R. § 1614.407(a), (c).  (civil action must be filed in district court within 90 days of receipt of the final agency action).

With respect to the 2008 and February 2009 acts which plaintiff first raised in the 2011 complaint, plaintiff was required to initiate the EEO pre-filing counseling process within 45 days, or no later than mid-March, 2009.  He failed to contact an EEO counselor with respect to those new allegations of discrimination until September 2010, almost 18 months after the 45 day deadline. 29 C.F.R. § 1614.105(a)(1).  Compliance with the 45 day administrative requirement is a prerequisite to filing a federal suit.  *See Mayberry v. Environmental Protection Agency*, 366 Fed. App'x 907, 908 (10th Cir. Feb. 23, 2010).  Courts within this Circuit have determined that

---

[2]   While his administrative complaint asserted the 2009 demand for overtime repayment occurred in February 2009, plaintiff indicated in the summary judgment briefing that the overtime issue arose on January 27, 2009. (*See* Doc. 27 at 2).  At the same time, plaintiff asserts that his EEO complaint filed on January 11, 2011 was "based on the events of 2008." (Doc. 16 at 6).  Whether the last alleged act of discrimination occurred in 2008 or in January or February, 2009, plaintiff's contact of the FAA EEO counselor with respect to the new allegations first raised in the 2011 complaint was not initiated within the 45 day time-frame.

failure to consult an EEO counselor in a timely manner may subject a plaintiff's claims to dismissal. *See, e.g., Beene v. Delaney*, 70 Fed. App'x. 486, 490 (10th Cir. Jun. 27, 2003) (affirming summary judgment dismissal where federal employee failed to timely exhaust by compliance with the 45-day requirement of § 1614.105(a)(1)); *see also Dimsdale v. Cino*, 2006 WL 1997174 at *2 (W.D. Okla. Jul. 13, 2006), *aff'd*, 217 Fed. App'x 743 (10th Cir. 2007) (failure to consult an EEO counselor in a timely manner subjects plaintiff's claims to dismissal).

Plaintiff's Objections do not alter the Court's opinion of the undisputed, clear evidence reflecting that plaintiff failed to timely exhaust administrative remedies and pursue his claims of discrimination. Plaintiff cites his contacts with the EEO counselor in November and December 2008 as satisfying the pre-filing counseling requirement for the allegations in the 2011 complaint. (*See* Doc. 41 at 1-2). Those contacts with the FAA's EEO counselor were part of the process relating to the *2009 complaint*, and it is undisputed that plaintiff did not timely pursue any civil action based on that 2009 complaint. Those allegations from the 2009 complaint are accordingly time-barred. *See* 29 C.F.R. § 1614.407(a)(1).

In his Objections, plaintiff admits that his "filing of appeals and paperwork [were made] in an untimely manner" (Doc. 41 at 5), but he alleges that the untimeliness was caused by inaccurate information provided by the EEO counselor at the FAA in 2008 and by EEOC personnel in 2009. Plaintiff has made numerous contradictory assertions regarding the alleged inaccurate information he claims he was provided, and the evidence does not support his arguments. For example, plaintiff argues that the EEO counselor in 2008 did not aid him or give him information "until after Plaintiff's [2009] Complaint had been dismissed" and that the counselor "misinformed" plaintiff about the process. (*See* Doc. 41 at 2). The record does not support these claims. In fact, the exhibits that plaintiff provided in his summary judgment

9

briefing establish the opposite. (*See, e.g.,* Doc. 27 at 12, 14-15). Those exhibits include a Memorandum of "Notice of Final Interview and Right to File a Discrimination Complaint" from the EEO counselor, dated December 4, 2008, which plaintiff signed and acknowledged receiving on December 22, 2008 (*before* he filed his formal 2009 complaint in January, 2009). In that Memorandum, the EEO Counselor specifically informed plaintiff that, because an informal resolution could not be reached through the counseling process, plaintiff was then entitled to file a "discrimination complaint based on race, color, religion, sex, national origin, physical or mental handicap, age, reprisal and/or sexual orientation." (*Id.* at 15). The EEO counselor's Memorandum provided specific information regarding the requirements and deadline for plaintiff to file a complaint and provided a copy of the form Complaint of Discrimination. (*See id.*). Plaintiff subsequently completed the complaint form and submitted it, with a date of January 4, 2009. (Doc. 16 at 9-12).[3]

In his Objections, plaintiff also asserts that, after the 2009 complaint was dismissed on February 11, 2009, plaintiff went to the EEOC building in Oklahoma City and was provided inaccurate information concerning the date by which he could appeal. (Doc. 41 at 2 [alleging vaguely that he was informed he "had 90 days," so plaintiff "started working on" his appeal, and asserting that he was not informed until sometime after April 2009 that "he only had 45 days to file his appeal or amended complaint."]; *see also id.* at 38). He also alleges, without specificity, that a number of other EEOC officials provided him inaccurate information. (*Id.* at 3). These allegations are directly contradicted by plaintiff's own filings and exhibits. *Plaintiff was expressly informed, in writing, by the February 11, 2009 agency decision dismissing his 2009*

---

[3]   The complaint is actually dated January 4, 2008. However, in light of the fact that plaintiff was not terminated until November 2008, it is clear that the year should have been 2009. The parties stipulated that the correct date was January, 2009. (*See* Doc. 25; Doc. 35 at fn.3).

10

*complaint, that he had two options to appeal: either file an appeal within 30 days or file a federal civil action within 90 days of his receipt of the February 11, 2009 letter.* (Doc. 41 at 12-13). He did neither on a timely basis.

Contrary to plaintiff's arguments in his Objections, the undisputed evidence establishes that plaintiff ignored the specific instructions regarding appeal options, as set forth in the February 11, 2009 agency decision, and instead went to the EEOC office in Oklahoma City. That choice does not excuse his failure to act in a timely manner with respect to the 2009 complaint, nor does it explain his failure to timely initiate the pre-filing EEO counseling process at the FAA as to the additional allegations made in the 2011 complaint. Plaintiff's argument that he was improperly informed in April 2009 by an EEOC officer in Oklahoma City is also contradicted by the statement he signed on April 22, 2009 at the Oklahoma City EEOC office, which stated that "[Potential Charging Party] is a federal employee. [He] was counseled regarding federal EEO complaint process. [He] refer [sic] to appeal agency decision within timeline." (*Id.* at 38, emphasis added). This document plainly reflects that he was advised (as he had been previously notified) that, as a federal employee, he had to abide by the process applicable to federal employee complaints of discrimination, rather than the more generally-applicable EEOC process. (*See id.*).

Plaintiff also asserts that, "[a]fter [his] attempt to reopen his original complaint, [he] contacted various Agencies and Departments seeking information on why his case had been dismissed and ways in which to reopen his case. *It was then that [he] contacted a Ms. Jo-Marie Bonwell, an EEO Counselor who explained that his complaint had been dismissed due to Plaintiff not stating a claim for discrimination.*" (Doc. 41 at 3, emphasis added). The record reveals that the contact with the second EEO counselor (Ms. Bonwell) occurred in September

11

2010. (*See* Doc. 16 at 6, 43-47). The assertion by plaintiff that it was only "then" in September 2010 that he had been advised "that his complaint had been dismissed due to . . . not stating a claim for discrimination" is again directly controverted by the agency's February 11, 2009 decision 19 months before. That decision explained that his 2009 complaint was dismissed because he had "failed to state a claim of discrimination based on any of the protected classes covered by the relevant EEO statutes." (Doc. 16 at 22).

There is no dispute that plaintiff received the February 11, 2009 agency decision dismissing his complaint in February, 2009. Indeed, he alleges that he took action after receiving notice of the dismissal of his complaint (albeit the action he took was not the proper action under the applicable law and did not comply with the instructions for appeal, of which he was advised in that agency decision). (*See* Doc. 41 at 2 ["After the . . . Complaint was dismissed on Feb. 11, 2009, Plaintiff went to the EEOC building in Oklahoma City to seek further guidance and advice."]). While plaintiff may have taken other actions (going to the Oklahoma City general EEOC office and writing correspondence to United States Senator James M. Inhofe), plaintiff failed to follow the applicable federal regulations and instructions contained in the February 11, 2009 agency decision, which required that any appeal should be addressed – not to the Oklahoma City EEOC office - but to the Office of Federal Operations in Washington, D.C.

In summary, plaintiff made only one timely complaint – the 2009 complaint – which was filed promptly after his termination from employment with the FAA. That complaint was dismissed for failure to state a claim of discrimination, and plaintiff had 90 days, from the date of plaintiff's receipt of the February 11, 2009 dismissal of that complaint, to file a civil action in federal district court. He did not. His attempt in September 2010 to restart the process all over

again by contacting an EEO counselor with the FAA was too late, as the last alleged discriminatory conduct was over a year and a half before, in early 2009.

The Court has reviewed all of plaintiff's arguments, objections, and the entirety of the record in this case and agrees with Judge Cleary's R&R and the recommendation that summary judgment be granted to the defendants and the case be dismissed, as there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law, due to plaintiff's failure to timely comply with administrative requirements.  Fed. R. Civ. P. 56(a).

### III.   Plaintiff's Motion to Amend

Plaintiff filed a motion to amend his Complaint to add the Chair of the EEOC as a defendant and to purportedly add additional details, elaborate on the original Complaint, and "to respond to other issues raised by the Defendants in their motion to dismiss." (*See* Doc. 44). Without waiting for a ruling on his motion to amend, plaintiff filed an Amended Complaint (Doc. 43), and later filed exhibits thereto (Doc. 46).  Defendants then responded to the motion and moved to strike the prematurely filed Amended Complaint. (Doc. 48, 49).

The filing of the Amended Complaint was premature.  Because the defendants filed an Answer on July 6, 2012, Fed. R. Civ. P. 15(a)(1) is inapplicable, and plaintiff could file an amended complaint "only with the opposing party's written consent or the court's leave," which he did not have. Fed. R. Civ. P. 15(a)(2).  Accordingly, the Amended Complaint shall be stricken.

Plaintiff's motion to amend should also be denied.  While Fed. R. Civ. P. 15(a)(2) requires that a "court should freely give leave when justice so requires," denial of leave to amend is appropriate where there has been "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

13

futility of amendment." *See Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)). "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend," and prejudice to the opposing party need not also be shown. *Frank*, 3 F.3d at 1365-66 (collecting cases).

The plaintiff's request to amend was filed after extraordinary and undue delay. The motion to amend was filed 14 months after the initial complaint; seven months after defendants filed their summary judgment motion; four months after Judge Cleary held an initial hearing on the summary judgment motion; and almost two months after Judge Cleary conducted the final hearing on the summary judgment motion and entered the R&R. Plaintiff's request to amend to "respond to . . . issues raised . . . in [defendants'] motion to dismiss" is too late. As the Court stated at the outset, that dismissal motion was converted to a motion for summary judgment, and plaintiff was permitted to supplement his briefing and the record as a result. He filed three briefs regarding the issues raised in the defendants' motion (*see* Doc. 16, 27 and 41), and there is no basis for allowing his "response" time to be extended without limit. That motion was the subject of two hearings before Judge Cleary and was the subject of the R&R.

Plaintiff has offered no explanation whatsoever for his failure to timely seek amendment. "Where a party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Franks*, 3 F.3d at 1364 (quoting *Las Vegas Ice & Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Plaintiff's employment with the FAA was terminated in November of 2008, and his request over four years later to add facts or parties is inexplicably late.

Moreover, the proposed amendment is futile. "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E. Spire Communications, Inc. v. New Mexico Pub. Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (citation omitted). Plaintiff's proposed amendment in no way alters the determination that plaintiff's claims should be dismissed for his failure to timely comply with the applicable federal regulations regarding exhaustion of his claims. Plaintiff's proposed addition of the Chair of the EEOC as a defendant also fails because "there is no private right of action against the EEOC for claims that the EEOC and its officers should be held responsible for failure to investigate employment-related claims adequately." *See, e.g. Dowling v. United States*, 2012 WL 1987266 (D. Colo. June 4, 2012).

IT IS THEREFORE ORDERED that defendants' Motion to Strike Improperly Filed Amended Complaint (Doc. 49) is **granted**. The Amended Complaint (Doc. 43) and the additional exhibits thereto (Doc. 46) are hereby **stricken**.

IT IS FURTHER ORDERED that the Court accepts, adopts, and affirms Judge Cleary's R&R (Doc. 35). The defendants' Motion for Summary Judgment (Doc. 9) is **granted**, and this action is hereby **dismissed**. This action is terminated. A separate Judgment will be entered forthwith.

IT IS SO ORDERED this 28th day of June, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE